YALE & TOWNE MANUF'G Co. *et al. v.* CONSOLIDATED TIME-LOCK Co

*(Circuit Court, S. D. Ohio, W. D.* May 16, 1889.)

1. PATENTS FOR INVENTIONS—VALIDITY—TIME-LOCKS.

The first and seventh claims of reissued letters patent No. 8,550, granted January 1, 1879, to the Yale Lock Manufacturing Company, as assignee of Samuel Little, for an improvement in time-locks *held* valid; and the seventh claim *held* not an expansion of the original patent, on the authority of *Yale Lock Co.* v. *Berkshire Nat. Bank,* 17 Fed. Rep. 531, and *Yale Lock Co.* v. *New Haven Sav. Bank,* 32 Fed. Rep. 167.

2. SAME—INFRINGEMENT.

Defendant's lock was substantially identical with the lock of the defendant in *Yale Lock Co.* v. *Berkshire Nat. Bank,* except that in the latter there was an additional dog, controlled by the time mechanism, which dog added nothing to the efficiency or value of the lock. The defense of that case was assumed by a lock company, or its president, who afterwards became president of defendant, and all the questions presented here were presented in that case. On the authority of that case, *held,* that defendant's lock was an infringement.

In Equity.

Suit by the Yale & Towne Manufacturing Company and others against the Consolidated Time-Lock Company, for the infringement of a patent.

*Wetmore & Jenner,* for complainants.

*W. C. Cochran* and *Parkinson & Parkinson,* for defendant.

SAGE, J. This suit is for the infringement of the first and seventh claims of reissued letters patent No. 8,550, granted January 1, 1879, to the Yale Lock Manufacturing Company, as assignee of Samuel Little, for an improvement in time-locks. This patent has been repeatedly sustained by the courts. The first and seventh claims were held valid by Judge SHIPMAN in *Yale Lock Manuf'g Co.* v. *Norwich Nat. Bank,* and *Same* v. *New Haven Sav. Bank,* 6 Fed. Rep. 377; by Judge LOWELL, in *Yale Lock Co.* v. *Berkshire Nat. Bank,* 17 Fed. Rep. 531, and again by Judge SHIPMAN in *Yale Lock Co.* v. *New Haven Sav. Bank,* 32 Fed. Rep. 167, decided September 10, 1887, upon petition for rehearing. In this case claims 1 and 7 were considered in the light of *Miller* v. *Brass Co.,* 104 U. S. 350, and of subsequent cases; and Judge SHIPMAN, concurring with Judge LOWELL, in *Yale Lock Co.* v. *Berkshire Nat. Bank,* cited above, held that both claims were valid, and particularly that the seventh claim of the reissued patent was not an undue expansion of the original patent. Upon the question of infringement there is no material difference between the lock manufactured by the defendant in this case and that used by the defendant in the case of *Yale Lock Co.* v. *Berkshire Nat. Bank.* The time mechanism is the same in both locks. In the Berkshire lock it controls two dogs, in the defendant's but one; but the extra dog in the Berkshire lock adds nothing to its efficiency or value. In other particulars the two locks are substantially identical. It was true in the Berkshire lock, as it is in the defendant's lock, that after the lever has moved into the releasing position the dog is still held in the locking

position by the supporting mechanism, until the latter is moved by the combination lock. The defense of the Yale Lock Company case against the Berkshire National Bank was assumed by the Hall Safe Lock Company, of Cincinnati, Ohio, or by Mr. Hall, its president, who subsequently became president of the defendant company, which carried on the manufacture of the lock and mechanism now claimed to be an infringement. All the questions presented here were presented in that case, and it was decided adversely to the defendant.

I have read the opinions of Judge SHIPMAN and of Judge LOWELL, and, aside from considerations of comity, which, however, I am not at all inclined to disregard, have found them so entirely satisfactory that I think it unnecessary to enter into further details. Upon the authority of the cases decided by them, a decree for an injunction and account, with costs, will be entered against the defendant.